UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Tony C. Boyd, Anthony E. Byrd, John T. Campbell, John R. Cartee, Mark D. Cureton, Dale S. Epps, Antonio B. Gaines, Rorey J. Johnson, Albert D. Jones, Glenn Jones, Kevin L. Keith, Joseph P. Lightsey, Timothy O. McIntosh, James A. Pearson, Alonzo C. Trotter, Loren L. Waddell, Thomas M. Whitaker, Danny E. Haught, Douglas P. Lance, Kelly M. Martin, Irwin E. McCullough, Joshua A. Mitchell, Gerald L. Roberts, Elliott J. Wimbush, and Alan W. Yates,<br><br>Plaintiffs,<br><br>vs.<br><br>The County of Greenville, Greenville County Detention Center, and Scotty Bodiford in his official capacity as Director of the Greenville County Detention Center,<br><br>Defendants | Civil Action No. 6:06-cv-02339-GRA<br><br>**ORDER**<br><br>(Written Opinion) |

Petitioner Yueseyuan Cruel filed a motion to intervene in this case on March 15, 2007. Petitioner claims he was exposed to staph infection while housed at the Greenville County Detention Center from August 31, 2006 until December 11, 2006. Plaintiffs in this case all contracted staph infection while housed at Greenville County Detention Center from late 2005 until May 2006.

Federal Rule of Civil Procedure 24(a) provides that upon timely application, anyone shall be allowed to intervene if either a United States statute confers that

1

right, or when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Petitioner points to no statute that confers a right to intervene in this case. Furthermore, the Court finds that petitioner's interests will not be impaired or impeded by the disposition of this case. An unfavorable outcome for plaintiffs in this case would not prevent petitioner from bringing a separate lawsuit for his exposure to staph infection during an entirely different time period.

Federal Rule of Civil Procedure 24(b) states that the Court *may* allow a person to intervene if the applicant's claim or defense and the main action have a question of law or fact in common. However, the Rule also requires the Court to consider whether intervention would unduly delay or prejudice the adjudication of the rights of the original parties. In this case, the deadline for adding parties has passed and discovery is scheduled to end on June 22, 2007. The Court finds that allowing petitioner to intervene at this time would greatly delay the disposition of this case and cause the existing parties unnecessary expense.

IT IS THEREFORE ORDERED that petitioner's motion to intervene be DENIED.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

May 15, 2007

Anderson, South Carolina

2